## Granite State Provident Association v. Lloyd.

| 48 | 429 |
| 48 | 434 |
| 145s | 620 |

1.  *Homestead and Loan Associations—Withdrawal of Stock—Construction of Statute.*—Section 6 of the Homestead and Loan Association Act of this State, R. S. Ch. 32, Par. 73, providing that any stockholder wishing to withdraw from the said corporation shall have power to do so by giving thirty days notice of his intention to withdraw and shall be entitled to receive the amount paid in by him and such interest thereon or such proportion of the profits as the by-laws may determine, less all fines and other charges, relates only to corporations formed under the laws of this State, but will control the remedy of resident shareholder in non-resident corporations doing business in this State, the by-laws of such foreign corporations to the contrary notwithstanding.

2.  *Foreign Corporations—Resident Shareholders.*—Under paragraph 26, R. S., Ch. 32, providing that foreign corporations and officers and agents thereof doing business in this State shall be subject to all the liabilities, restrictions and duties that may be imposed upon corporations of like character organized under the general laws of this State, and shall have no other or greater powers, a foreign homestead and loan association, doing business in this State, will be subject to the laws of this State, and a resident shareholder therein will be entitled to withdraw his stock and to sue for and recover payments made by him, upon giving thirty days notice, etc., as required by section 6, R. S., Chap. 32, notwithstanding the provisions of the charter and by-laws of such foreign corporation to the contrary.

Memorandum.—Action to recover amounts paid by a stockholder in a benefit association. Appeal from a judgment of $30 for plaintiff, rendered by the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Circuit Judge, presiding. .Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 24, 1892.

The opinion of the court states the case.   ·

### APPELLANT'S BRIEF.

Section 6 of the Illinois act of 1879, only applies to organizations under that act and not to appellant acting under a special charter, and a contract applied for here, but consummated and accepted there in New Hampshire, and by terms especially made a New Hampshire contract. The stockholder can not say what his withdrawal rights and values are, even under the Illinois law, until determined by

the board of directors, and there was no data on which a verdict could be based even under this section.

The stockholder's application was accepted in New Hampshire and this binds it as a New Hampshire contract.

CHARLES E. SELBY and CONKLING & GROUT, attorneys for appellant.

### APPELLEE'S BRIEF.

The rule of law is that the place where a contract is made depends not upon the place where it is actually written, signed or dated, but where it is delivered as consummating the bargain. 1 Daniel's Neg. Instruments, 660; Gay v. Rainey, 89 Ill. 225 ; Bishop on Contracts (Enlarged Ed.), Sec. 1391.

It was therefore a contract under the laws of Illinois, and under our laws appellant had no power to bind appellee not to demand and recover the money paid by him, for the space of twenty-four months.

It was against the statute. It was against the public policy of this State. Under the statute, domestic corporations are compelled to pay back the amount paid in, less all fines and other charges, on a thirty days' notice being given. Starr & Curtis, Vol. 1, p. 630, Sec. 73.

And by Sec. 26, same volume, foreign companies are bound by the same liabilities, restrictions and duties. Appellant says this section does not apply to this case because appellant does not come under that act.

The Supreme Court, however, has held that section 26 above applies to all foreign companies doing business in Illinois ; and were section 26 not considered it would be against the public policy of the State to give foreign companies rights domestic companies do not enjoy. They do business here " by grace, " and should be satisfied if they are treated exactly the same as domestic companies. Stevens v. Pratt, 101 Ill. 206 ; Penn Co. v. Sloan, 1 Brad. 373; Female Academy v. Sullivan, 116 Ill. 381–384; Barnes v. Suddard, 117 Ill. 241–2.

E. L. CHAPIN, attorney for appellee.

OPINION BY THE COURT.

Appellee recovered a judgment against appellant for $30, being the amount of payments made by the appellee as a stockholder in the appellant corporation.   That corporation holds a charter from the State of New Hampshire, authorizing it to transact, in that and other States, the business of a Homestead and Loan Association.

Pursuant to the charter and by-laws, local clubs or branches might be formed whenever a sufficient number of shareholders could be obtained.   Such a club was formed in Springfield, in the year 1891.

The appellee subscribed for five shares, and made the first payment of one dollar per share thereon, through one Charles Werner, who assumed to represent the corporation.

A certificate of stock was furnished by the corporation, through said Werner, and the appellee made five subsequent monthly payments thereon, four of them to Werner, who assumed to act as treasurer of the local club, and one to Coe, who, it is conceded, was such treasurer.   Having become dissatisfied with the course of things the appellee desired to withdraw from the company, and to be reimbursed the money he had paid in on his stock.

The by-laws of the corporation provide, that after twenty-four payments have been made by a shareholder, his certificate shall be redeemable in cash, *i. e.*, the amount paid in on the shares with six per cent interest thereon.

The appellee could not claim under this by-law, because he had not made the requisite number of payments.

He claims, however, under section 6 of the Homestead Loan Association Act of this State, R. S., Ch. 32, Par. 73, which provides that " any stockholder wishing to withdraw from the said corporation shall have power to do so, by giving thirty days' notice of his or her intention to withdraw, when he or she shall be entitled to receive the amount paid in by him or her, and such interest thereon, or such proportion of the profit thereon, as the by-laws may determine, less all fines and other charges."

This provision relates only to corporations formed under

the general law of this State. But it is urged that by Par. 26 of the same chapter, it is also provided that "foreign corporations and the officers and agents thereof, doing business in this State shall be subjected to all the liabilities, restrictions and duties, that are or may be imposed upon corporations of like character, organized under the general laws of this State, and shall have no other or greater powers."

The main question in the case, therefore, is, whether the charter and by-laws of the foreign corporation, or the provision of Par. 73, (Sec. 6) above quoted, shall control.

The suggestion on the one side is, that by the very terms of the statute, the foreign corporation must in all respects conform to the provisions of the statute, the latter being the measure and model to be followed in every substantial particular (thus in effect substituting our statute for the foreign charter and by-laws), and on the other, that this provision was not designed to affect the natural right or power of one *sui juris*, to become a stockholder under such conditions found in the charter and by-laws of a corporation as he may be satisfied with; that he may, by contract, accept a privilege less than that provided in corporations organized under the statute; that he can not be deprived of the natural power thus to contract, in reference to a matter not opposed by public policy or sound morality; and that having made such contract he can not withdraw from it and assert a right under the statute; and that, furthermore, if it be said that such contract is illegal because in the teeth of the statute, then the parties are *pari delicto* and the law will afford no relief.

It will be noted that, while the statute provides that the shares shall be of the par value of one hundred dollars, the shares in this instance were of the par value of two hundred dollars, pursuant to the by-laws. Other differences between the provisions of the statute and of the foreign charter and by-laws need not be noticed.

After due consideration of the whole matter, a majority of this court agree with the ruling of the Circuit Court, that

the statute must prevail, and that the appellee was entitled to sue for and recover the payments made upon giving thirty days' notice under the statute, notwithstanding the provisions of the by-laws of the appellant corporation. It is suggested that no sufficient *data* appear from which to estimate the value of the shares, that is, the amount of interest or profit to be allowed thereon in addition to the sum paid in, but as appellee sought to recover only the amount so paid, without interest or profit, the point is not deemed important.

Another objection urged is that the payments were not all properly made; that is to say, that Werner had no right to receive four of them, and the corporation is not bound thereby. Werner acted as the local treasurer, and if he had the right to do so, a payment to him was a good payment under the by-laws.

The evidence tends to show he had such right, and the significant fact that no fines were assessed for non-payment of dues, strongly supports the position that he was the acting treasurer of the club, the treasurer elect having failed to qualify. It is also urged that Werner had no authority to represent the corporation and that notice to him was not sufficient, but we are disposed to overrule this point, upon a full consideration of the evidence relating thereto. We hold also that there is sufficient evidence of notice, such as the statute requires. No other objection being urged, the judgment will be affirmed.